CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 07 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PAMELA J. CHABACK, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 5:09CV00053 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) | By: Samuel G. Wilson <br> United States District Judge |

Plaintiff, Pamela J. Chaback, brings this action challenging the final decision of the Commissioner of Social Security denying Chaback's claim for disability insurance benefits under the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). The Administrative Law Judge found that Chaback had severe impairments that precluded her from performing all but a modified range of sedentary work. He then concluded that Chaback was capable of performing past relevant light work as it is "actually and generally performed." Based on these conclusions, he rejected Chaback's claim that she is disabled. The Appeals Council denied Chaback's request for review, and the Commissioner of Social Security adopted the ALJ's opinion as the Commissioner's final decision. Chaback filed this action and the court referred the matter to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). The magistrate judge concluded that the Commissioner's final decision is supported by substantial evidence and this court should grant his motion for summary judgment. The court has concluded that the matter should be remanded to the Commissioner.

## I.

Chaback complains that the ALJ's findings appear inconsistent on their face.[1] The Court agrees and will remand this matter for further consideration.

The ALJ is required to make specific findings of fact with respect to "the physical and mental demands of [the claimant's] past job/occupation," SSR 82-62, 1982 WL 31386, at *4 (1982), and must make "every effort . . . to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." Id. at *3. Here, the ALJ has found that Chaback is limited to performing a modified range of sedentary work and concluded that he can perform his past relevant light work. These findings appear inconsistent, though it simply may be that they are not clearly explained. Under the circumstances the court cannot conclude that the decision is supported by substantial evidence. Accordingly, the court will remand the matter to the Commissioner for further evidentiary exploration as to whether Chaback retains the residual functional capacity to perform her past relevant work as it is actually and generally performed and to articulate his specific findings.

## II.

For the foregoing reasons, the Court will remand this case to the Commissioner.

**ENTER:** This October 7th, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel failed to file a brief as required by this court's standing order or request oral argument. The magistrate judge concluded that dismissal was too severe a sanction and recommended against it. The court notes that the magistrate judge might have made a different recommendation had counsel complied with the standing order and thereby alerted the magistrate judge to his complaint. The Court trusts that nothing further need be said about this matter and that counsel will comply in the future.